### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH SIGMUND | ) | Case Number |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| TRANSWORLD SYSTEMS, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |
| | ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Kenneth Sigmund, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I.      INTRODUCTORY STATEMENT

1.      Plaintiff, Kenneth Sigmund, is an adult natural person and he brings this action for actual and statutory damages and other relief against the Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations of New York General Business Laws §349 and §601 and finally relief against Invasion of Privacy by Intrusion upon Seclusion.

### II.      JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant maintains a primary location in this District.

### III.      PARTIES

4.      Plaintiff, Kenneth Sigmund, (hereafter, Plaintiff) is an adult natural person residing at 111 La Bonn Vie Drive, East Patchogue, NY 11772.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

5.      Defendant, Transworld Systems, Inc. (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of New York with a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.      FACTUAL ALLEGATIONS

7.      Within the last several months, Plaintiff has been receiving constant and continuous calls to his home from the Defendant looking for payment on an alleged past due medical bill said to be due to Brookhaven Heart, PLLC.

8.      Plaintiff is said to owe a balance of approximately $634.00.

9.      Since the initial call, the Plaintiff has requested validation of this alleged debt, as he has both primary and secondary health insurance and would not owe a debt for any medical bill or procedure.

10.     Despite continually asking for validation of the alleged debt, the

Defendant has ignored Plaintiff's requests and continues to mislead the Plaintiff by

attempting to collect on an invalid account.

11.     During one of the earliest calls with the Defendant, the Plaintiff was

threatened that failure to set up payment arrangements on account #28026925 would

result in the Defendant reporting this account negatively on Plaintiff's credit.

12.     Defendant has continued with their collection efforts despite their failure

to provide validation of any kind for this alleged debt.

13.     On or about January 19, 2015, Plaintiff received yet another call from the

Defendant demanding payment.

14.     Plaintiff asked Defendant's female agent if she could at least provide him

proof of the alleged date of medical service.

15.     Defendant's female agent's response was that she could not provide the

Plaintiff with anything to validate the account, she just knew that he needed to make a

payment.

16.     Plaintiff further asked how the Defendant could be collecting on debt that

they could not validate or provide background information for.

17.     Defendant's agent replied that most people usually do not ask for their

accounts to be validated so they will continue to collect.

18.     At no time since the Defendant started to contact the Plaintiff has he been

informed of his rights to dispute this alleged debt.

19.     As of the filing of this complaint, the Plaintiff continues to receive calls from the Defendant demanding that he make payment arrangements to pay off an unsubstantiated account.

20.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

21.     Defendant knew or should have known that their actions violated the FDCPA and other state laws.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22.     At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

23.     At all times pertinent hereto, the conduct of Defendant as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff reputation, invasion of privacy, damage to Plaintiff credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - FDCPA

25.     The above paragraphs are hereby incorporated herein by reference.

26.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

27.     The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(8): | Threatens or communicates false credit information, including the failure to communicate that the debt is disputed |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect an alleged debt |
| §§ 1692g(a)(3): | Must state the right to dispute within 30 days |

§§ 1692g(b):         Collector must cease collection efforts until the debt

is validated

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

Defendant, Transworld, for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit;

d.      Such addition and further relief as may be appropriate or that the interests

of justice require.

d.      Such addition and further relief as may be appropriate or that the interests

of justice require.

## COUNT II

### Violations of New York General Business Law §349

28.     Plaintiff hereby restates realleges and incorporates herein by reference all

foregoing paragraphs as if set forth fully in this count.

29.     Under New York General Business Law §349, deceptive acts or practices

in the conduct of any business conducted in the State of New York are unlawful.

30.     GBL §349 provides in relevant part as follows:

(a)     Deceptive acts or practices in the conduct of any business, trade or

commerce or in the furnishings of any service in this state are

hereby declared unlawful

(g)     This section shall apply to all deceptive acts or practices declared

to be unlawful, whether or not subject to any other law of this

state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

(h)   In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

31.   As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that they, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.   Actual damages

b.   Statutory damages

     c.     An award of reasonable attorney's fees and expenses and cost of suit; and

     d.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT III

### Violations of New York General Business Law §601

32.     Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

33.     Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

34.     GBL §601 provides in relevant part as follows:

     (a)     Communicate with the debtor or any member of his family or household with such frequency or at such unusual hours or in such a manner as can reasonably be expected to abuse or harass the debtor;

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

     a.     Actual damages

     b.     Statutory damages

     c.     An award of reasonable attorney's fees and expenses and cost of suit; and

d.      Such additional relief as is deemed just and proper, or that the

interest of justice may require.

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.      The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

37.      New York further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated New York state law.

38.      The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

39.      The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

40.      As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

41.      All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.      Actual damages

b.      Statutory damages

c.      An award of reasonable attorney's fees and expenses and cost of suit; and

d.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.      JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: January 30, 2015**

BY:   */s/Brent F. Vullings bfv8435*
        Brent F. Vullings, Esq.
        Vullings Law Group, LLC
        3953 Ridge Pike
        Suite 102
        Collegeville, PA 19426
        (P): 610-489-6060
        (F): 610-489-1997
        Attorney for Plaintiff
        bvullings@vullingslaw.com